UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LOWE,

        Plaintiff,

v.                                     Case No. 13-10058

                                         HON. TERRENCE G. BERG

PRISON HEALTH SERVICE, *et al.,*

        Defendants.
_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND
RECOMMENDATION (DKT. 55), DENYING DEFENDANTS'
MOTION TO DISMISS (DKT. 40) AND DENYING, AS MOOT,
PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. 57)**

This matter is before the Court on Magistrate Judge Patricia T. Morris's August 15, 2014 Report and Recommendation (Dkt. 55), recommending that Defendants' motion to dismiss (Dkt. 40) be denied.[1] The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1). Defendants filed timely objections (Dkt. 56). The district court will make a "*de novo* determination of those portions of the report . . . to which objection is made." *Id.*

## BACKGROUND

At issue in Defendants' motion to dismiss is whether Plaintiff properly exhausted his administrative remedies prior to filing this lawsuit. It bears noting

---

[1] Plaintiff filed a motion for extension of time to respond to Defendants' objections (Dkt. 57). Since the Court is overruling Defendants' objections – and denying Defendants' motion to dismiss (Dkt. 40) – Plaintiff motion for an extension of time to respond to Defendants' objections is denied as moot.

that former Magistrate Judge (now District Judge) Laurie J. Michelson previously considered and rejected the same argument Defendants advance here in her report and recommendation concerning Defendant Susan McCauley's motion for summary judgment (Dkt. 47 at 6-9) ("this Court concludes that there may exist a genuine issue of material fact as to whether Plaintiff exhausted his administrative remedies.") Judge Michelson recommended granting Defendant McCauley's motion on alternate grounds, so she did not definitively rule on this issue, but her analysis certainly suggested denying Defendant McCauley's failure to exhaust argument. Magistrate Judge Morris's report and recommendation (Dkt. 55) reached the same conclusion as to Defendants Edelman and Prison Health Services's failure to exhaust argument.

## ANALYSIS

The Prisoner Litigation Reform Act requires a prisoner to exhaust "administrative remedies as are available" before filing suit under 42 U.S.C. § 1983 or "any other Federal law." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ( "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). The exhaustion prerequisite applies to all inmate suits about prison life. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Moreover, Plaintiff must "properly" exhaust his claims by complying with MDOC's grievance policy. *See Woodford v. Ngo*, 548 U.S. 81, 90–91 (2002) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules

...."); *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) ("A grievant must undertake all steps of the MDOC process for his grievance to be considered fully exhausted...." (citing *Jones Bey v. Johnson*, 407 F.3d 801, 803 n. 2 (6th Cir.2005))).

It is not, however, Plaintiff's burden to plead or prove that he has properly exhausted his administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Rather, non-exhaustion is an affirmative defense, *Jones*, 549 U.S. at 216, and so Defendants have the burden of persuasion on the issue, *Surles*, 678 F.3d at 455–56. And "[i]n cases where the party moving for summary judgment also bears the burden of persuasion at trial, the party's 'initial summary judgment burden is higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Surles*, 678 F.3d at 455–56 (quoting *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)); *see also Cockrel*, 270 F.3d at 1056 (explaining that where the moving party on summary judgment has the burden of production and persuasion, the moving party "must ... surpass[ ]" "a substantially higher hurdle" than a preponderance of the evidence).

MDOC, via Policy Directive 03.02.130, requires prisoners to complete a three-step grievance process to exhaust their administrative remedies (Dkt. 19, Ex. 2, MDOC Policy Directive ("PD") 03.02.130 ¶ B). Briefly, prisoners not satisfied with a response to their Step I grievance, or who have not received a timely Step I response, may file a Step II grievance. (PD 03.02.130 ¶ BB). Similarly, "[a] grievant may file a Step III grievance if s/he is dissatisfied with the Step II response or does

3

not receive a timely response" (PD 03.02.130 ¶ FF). "The Grievance and Appeals Section shall be the respondent for Step III grievances on behalf of the Director. Each grievance received at Step III, including those which may be rejected, shall be logged on a computerized grievance tracking system" (*Id*.)

At issue is whether Plaintiff exhausted his administrative remedies by properly filing a Step III grievance. Defendants cite the administrative policy applicable to Plaintiff's claims that requires Plaintiff to exhaust his administrative remedies through Step III before filing his § 1983 action (MDOC Policy Directive 03.02.130, "Prisoner/Parolee Grievances" (effective date 07/09/2007)). As support, Defendants include the affidavit of Richard Russell, manager of the Grievance Section of the Michigan Department of Corrections (MDOC) in Lansing, Michigan (Dkt. 19, Ex. B, Russell Aff.). Russell provides a summary of how a Step III grievance is handled by the Grievance Section of the Office of Legal Affairs (*Id*. at 2-3). Russell further testifies that "[he] caused a search of the database relevant to step III grievance appeals filed by the plaintiff and found that he has not filed the following grievance to the step III appeal process: SRF-2009-11 1713 12D1" (*Id*. at 3).

Plaintiff, on the other hand, alleges that he filed a Step III grievance appeal to the director's office on March 9, 2010, but never received a response (Dkt. 1, Compl., Ex. O; see also Dkt. 46). Plaintiff attaches at Exhibit O, a grievance appeal form which he alleges to be the Step III appeal that he mailed on March 9, 2010. (Dkt. 1, Compl., Ex. O). The document is dated March 9, 2010, and the reason

4

listed under reason for the step III appeal is "Step II Response unacceptable" (*Id.*) Plaintiff has also filed an affidavit (Dkt. 45) stating that he mailed his Step III grievance on March 9, 2010, "but did not get a response." This evidence creates a genuine issue of material fact as to whether Plaintiff exhausted his administrative remedies, thus precluding summary judgment in Defendants' favor.

A case cited in Defendants' objections (Dkt. 55) supports this result. In recommending that a defendant's motion for summary judgment be granted, based upon the plaintiff's failure to exhaust administrative remedies, Magistrate Judge Komives observed:

> Although plaintiff asserts that these grievances are included with his response, no such grievances are attached to the response [brief]. Nor has plaintiff provided an affidavit supporting his assertions, or any corroborating evidence such as copies of the grievances or evidence of mailings. In these circumstances, plaintiff has failed to raise a genuine issue of material fact with respect to whether he exhausted his administrative remedies, and defendants are therefore entitled to summary judgment.

*Hembree v. Carter*, 12-CV-13036, 2013 WL 3946062 *4 (E.D. Mich. July 31, 2013). This case presents a very different scenario. Here, Plaintiff has attached a Step III grievance to his response brief (Dkt. 46, Ex. P), and filed an affidavit (Dkt. 45) attesting to the fact that he mailed his Step III grievance as required by MDOC policy. Under the reasoning of *Jones v. Bock*, 549 U.S. 199, 216 (2007) and *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012), this Court concludes that a genuine issue of material fact exists as to whether Plaintiff exhausted his administrative remedies. Therefore, Defendants' motion to dismiss (construed as a motion for summary judgment) must be denied.

## CONCLUSION

Accordingly, for the reasons set forth above, Defendants' objections to Magistrate Judge Morris's report and recommendation are **OVERRULED**, Magistrate Judge Morris's Report and Recommendation (Dkt. 55) is **ACCEPTED AND ADOPTED**, and Defendants' motion to dismiss (Dkt. 40) is **DENIED.**

**SO ORDERED.**

Dated: September 15, 2014
s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on September 15, 2014, using the CM/ECF system, which will send notification to all parties.

s/A. Chubb
Case Manager